IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20943-CR-MOORE/GARBER

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

CARLOS ALVAREZ and
ELSA ALVAREZ,

        Defendants.
_____/

## ORDER REVERSING MAGISTRATE JUDGE'S ORDER; DENYING MOTION FOR APPOINTMENT OF COUNSEL REGARDING CONSTITUTIONAL QUESTION

THIS CAUSE came before the Court upon the United States' Appeal (DE #307) of the Magistrate Judge's Orders granting Defendants Motion to Allow Withdrawal of Trial Counsel, to Proceed In Forma Pauperis, and for Appointment of a Federal Public Defender (DE # 255), and upon Elsa Alvarez's Motion for Appointment of Counsel Regarding Limited Issue (DE # 318).

UPON CONSIDERATION of the Motion, the record, and being otherwise fully advised in the premises, the Court enters the following Order:

**I.**     **Background**

On December 22, 2005, Defendants Carlos Alvarez and Elsa Alvarez (collectively "Defendants") were indicted on charges that they gathered information within the United States on matters of interest to the Cuban government, informing the Cuban government about anti-Castro individuals and groups within the Cuban community in South Florida, and carrying out other operation directives. Indictment (DE # 3) at 2. Defendants retained private counsel to

defend them in this criminal action. Almost a year later, after much litigation, their attorneys helped negotiate plea agreements (DE # 217 (Elsa); DE # 216 (Carlos)) with the prosecution.

Defendant Carlos Alvarez pled guilty to the crime of conspiring to act as an agent of a foreign government without prior notification to the Attorney General, in violation of 18 U.S.C. §951(a) and 28 C.F.R. §§73.01 et seq.; all in violation of 18 U.S.C. 371. Carlos Plea Agreement ¶1; Plea Hearing Minutes (DE # 218). Defendant Elsa Alvarez pled guilty to the crime of misprison of a felony, that is, the participation of co-defendant Carlos Alvarez in a conspiracy to act as an agent of a foreign government without prior notification to the Attorney General. Elsa Plea Agreement ¶1; Plea Hearing Minutes (DE # 219). In their plea agreements, Defendants agreed to waive the right to appeal any sentence imposed by the Court unless their sentences either: (1) exceeded the maximum permitted by the statute of conviction; or (2) were the result of an upward departure from the guideline range that this Court calculated at sentencing. Plea Agreements ¶8. Even though one of the exceptions would allow them to appeal an upward departure from "the guideline range calculated by the Court," the Government made it clear that they did not believe any guideline range would be calculated, because it was the Government's position that no applicable guideline range existed. Carlos Plea Agreement ¶6 ("The United States' view is that, because the underlying substantive offense is not covered by an expressly promulgated or analogous offense guideline, the provisions of 18 U.S.C. §3553 shall control[.]").

In the parties' pre-sentencing briefing and at Defendants' sentencing hearing, the Court considered extensive argument on whether there exists, for the crimes Defendants plead guilty to, a sufficiently analogous sentencing guideline that should have been applied in sentencing Defendants. Sentencing Hearing (morning) at 49–66. After considering all arguments on either

side of the issue, the Court found that no sufficiently analogous guideline provision existed for Defendants' crimes. Sentencing Hearing (morning) at 66.

The Court sentenced Defendants according to 18 U.S.C. §3553. Sentencing Hearing (morning) at 66; Sentencing Hearing (afternoon) at 99–103. In sentencing Defendants, the Court considered each of the factors listed in 18 U.S.C. §3553. Sentencing Hearing (afternoon) at 99–103. In connection with the §3553 factors, the Court considered the numerous exhibits, letters submitted to vouch for Defendants' good character and service, the testimony of the numerous good character witnesses that testified for Defendants at the sentencing hearing, the sentencing guidelines, extensive arguments regarding whether and why other provisions might or might not be analogous, and the good work and personal qualities of Defendants over many years. *See* Sentencing Hearing. Even though the Government recommended that Elsa Alvarez be sentenced to 21 months incarceration, the Court found, after applying 18 U.S.C. §3553 and considering all applicable factors, that the most reasonable sentence for her serious crime was the statutory maximum incarceration of 36 months. Sentencing Hearing (afternoon) at 103. Similarly, the Court found that the most reasonable sentence for Carlos Alvarez's serious crime, which continued for decades, was the statutory maximum incarceration of 60 months. Sentencing Hearing (afternoon) at 102.

Defendants now wish to appeal their sentences arguing that the Court erred in not finding and using an analogous sentencing guideline and in not finding downward departures or variances warranted. Defendants concede that the sentencing guidelines are advisory, and that the Court is required to consider the factors under 18 U.S.C. §3553. Defendants point to nothing in the record that indicates the Court would not have sentenced Defendants to their present

3

sentences based on 18 U.S.C. §3553, even if the Court had found a sufficiently analogous sentencing guideline.

The Defendants have moved for the Court to allow withdrawal of their trial counsel, grant them leave to proceed with the appeal of their sentences *in forma pauperis*, and appoint a federal public defender to represent them on appeal. The Magistrate Judge found that, after the extensive litigation and attorneys' fees in this case, Defendants are now indigent and cannot afford to pay for counsel to appeal their sentences. Mag. Order (DE # 284). In light of Defendants becoming indigent, the Magistrate Judge granted the motion allowing trial counsel to withdraw, allowing Defendants to proceed on appeal *in forma pauperis*, and granting CJA counsel. The Government appealed from the Magistrate Judge's decision to grant Defendants' Motion, arguing that Defendants' appeal would be frivolous because Defendants have waived their right to appeal; therefore, Defendants did not qualify for *in forma pauperis* status.

At a hearing (DE #320) on the Government's Appeal of the Magistrate Judge's Order, the Court indicated its intention to reverse the Magistrate Judge's Order because the Court concluded that the appeal would be frivolous, and such a conclusion prevented the Court from certifying that the appeal was taken in good faith as required by 28 U.S.C. §1915(a)(3). Therefore, Defendants would not qualify for court appointed counsel at taxpayer expense under 28 U.S.C. §1915. At the hearing and in the instant Motion for Appointment of Counsel Regarding Limited Issue, Defendant Elsa Alvarez has challenged the constitutionality of 28 U.S.C. §1915, because it prevents the Court from appointing counsel to indigent defendants on first-tier appeals once a district court has certified that an appeal is not taken in good faith.

II.  Analysis

    A.  **Substantive Appeal Would Be Frivolous**

By statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). "[A] defendant's good faith in this type of case [is] demonstrated when he seeks appellate review of any issue not frivolous." Coppedge v. US, 369 U.S. 438, 445 (1962). An application to appeal in forma pauperis may be denied "if it appears-objectively-that the appeal cannot succeed as a matter of law." DeSantis v. United Technologies Corp., 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998) aff'd, 193 F.3d 522 (11th Cir.1999); see also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for *in forma pauperis* purposes if it appears there is "little or no chance of success"). However, "[t]he good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit." Ellis v. U.S., 356 U.S. 674, 674–75 (1958). "Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, . . . the request of an indigent for leave to appeal in forma pauperis must be allowed." Id. The Government argued, in its appeal of the Magistrate Judge's Order, that Defendants' appeal of their sentences is frivolous because Defendants signed plea agreements in which they waived the right to appeal unless their sentences either: (1) exceeded the maximum permitted by the statute of conviction; or (2) were the result of an upward departure from the guideline range that this Court calculated at sentencing. Plea Agreements ¶8. The Government cites to United States v. Gholston, which held that "[i]f [the defendant] has knowingly, freely, and voluntarily waived his right to appeal the sentencing issues that he now seeks to raise on appeal, this Court cannot

5

certify that [the defendant] appeals in good faith." 133 F. Supp. 2d 1304, 1310 (M.D. Fla. 2000) aff'd, 275 F.3d 52 (11th Cir. 2001).

Defendants dispute whether the waivers cover the sentencing issues they seek to appeal. Defendants claim that their appeal should be allowed under the second exception to the waiver of appeal, because their sentences are "the result of an upward departure from the guidelines range applicable to the offense to which [each defendant] pleaded guilty." Carlos Reply to Mot. to Withdraw at 2; Elsa Reply to Mot. to Withdraw at 2. The Court sentenced each Defendant to the statutory maximum for his/her crime, 60 months for Carlos Alvarez and 36 months for Elsa Alvarez. However, Defendants argue that the Court, at sentencing, should have applied an analogous guideline range, 2M3.3 dealing with the transmittal of national defense or classified information, which would lead to a sentence less than the statutory maximum. Defendants argue that by sentencing them to the statutory maximums, the Court essentially made an upward departure from the correct sentencing guideline. Therefore, Defendants believe that they are entitled to appeal their sentence under the second exception in their plea agreements.

The Magistrate Judge rejected the Government's argument that the waiver in the plea agreements rendered any appeal frivolous. The Magistrate Judge held that the very "issue of whether the defendants' waivers cover the issues defendants intend to raise on appeal is itself an issue that is not frivolous." Order (DE # 284). The Government argued, however, that the invoked exception to the waivers cannot literally apply because the Court never established a guideline range at sentencing, and the exception only applies if there was "an upward departure from the guideline range that the court **establishes** at sentencing." Plea Agreements ¶8 (emphasis added). Further, the Government warned that they did not believe any guideline range

would be calculated by the Court, because they did not believe any applicable guideline range existed. Carlos Plea Agreement ¶6 ("The United States' view is that, because the underlying substantive offense is not covered by an expressly promulgated or analogous offense guideline, the provisions of 18 U.S.C. §3553 shall control[.]").

At the sentencing hearing and in the pre-sentencing briefing, the Court considered extensive arguments regarding whether the 2M3.3 guideline was sufficiently analogous to be applied. Sentencing Hearing (morning) at 49–66. However, after careful consideration of the guidelines, the Court found that neither 2M3.3, nor any other guideline provision was sufficiently analogous to be applied in this case. Because the Court did not establish a guideline range at sentencing, the exception to the waiver of appeal does not literally apply. Further, the Court did not make any upward departure from a guideline range; rather, the Court applied 18 U.S.C. §3553, considered all applicable factors, and found that the statutory maximum sentences were the most reasonable sentences under the circumstances. Therefore, Defendants are barred by the language of their waiver of appeal from appealing their sentences. An appeal under these circumstances would not be in good faith.

Defendants' appeal is also frivolous because any error would be harmless. If an error in the district court's calculation of the advisory guidelines range is harmless, then the appellate court will not vacate the sentence. U.S. v. Lozano, No. 06-11136, 2007 WL 1964250, at *5 (11th Cir. 2007) (citing U.S. v. Keene, 470 F.3d 1347 (11th Cir. 2006)). "A Guidelines miscalculation is harmless if the district court would have imposed the same sentence without the error." U.S. v. Williams, 456 F.3d 1353, 1360 (11th Cir. 2006) (citing United States v. Scott, 441 F.3d 1322, 1329 (11th Cir. 2006)). In Lozano, the Eleventh Circuit noted that any error in

7

applying the Guidelines would be harmless, in part, because "[t]he district court made clear that its resolution of the [Guidelines] issue did not affect the ultimate sentences it gave the [defendants] after considering all of the section 3553(a) factors." Lozano, 2007 WL 1964250, at *5. Further, in Lozano, the Eleventh Circuit held that even if a district court erred in its application of the Guidelines, the Eleventh Circuit will affirm the sentence if it is reasonable. Id. at *5.

There is nothing in the sentencing hearing or the record giving any indication that the Court would have sentenced Defendants to a shorter sentence if the Court had found guideline 2M3.3 sufficiently analogous. To the contrary, even if the Court found that there was a sufficiently analogous guideline range, the Court nonetheless would have sentenced Defendants to the statutory maximums based on its consideration of factors under 18 U.S.C. §3553. *See e.g.* Sentencing Hearing (afternoon) at 59–60 (indicating that if the guidelines were applicable or analogous, the Court would not have reduced Defendants' sentences). The Court made clear at sentencing that the most reasonable sentence under the circumstances for each Defendant was the statutory maximum incarceration. Sentencing Hearing (afternoon) at 99–103. Because the Court would have sentenced Defendants to the same sentence even if the Court had found a sentencing guideline sufficiently analogous, any error is harmless. Because any error is harmless, the appeal will have no impact on the sentence; therefore, the appeal is frivolous.

Accordingly, the Court must certify that the Defendants' substantive appeals are not taken in good faith; therefore, Defendants may not appeal in forma pauperis. This ruling is not meant to preclude Defendants from attempting an appeal either *pro se* or through other private arrangements, including formerly retained counsel, should they be so willing. *But see infra* at n.1.

8

an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver." Gomez-Diaz, 433 F.3d at 793.

The issue presently before the Court does not concern a §2255 action and does not involve a claim of ineffective assistance of counsel; therefore, Gomez-Diaz is not on point. Additionally, the stated prerequisites for the circumstance under which Defendants would not have to show a non-frivolous ground for appeal (i.e., that counsel has acted contrary to Defendants' wishes or that counsel has failed to attempt to determine Defendants' wishes) are not present here. Defendants' attorneys filed appeals for Defendants after their judgment and sentences (DE # 243 (Elsa); DE # 240 (Carlos)), and with their client's permission, the Defendants' attorneys sought leave to withdraw (DE # 251 (Elsa); DE # 249 (Carlos)). Further, it is not uncommon for attorneys to seek and be granted leave to withdraw from the representation of clients in frivolous appeals. Anders v. California, 386 U.S. 738, 744 (1967).

In Gomez-Diaz, the Eleventh Circuit did not hold that a defendant is always, under any circumstances, entitled to an appeal that has no arguably meritorious or non-frivolous grounds. This Court cannot conclude that the Eleventh Circuit intends to allow frivolous appeals at taxpayer expense. Further, the Supreme Court has held that there is no right to bring a frivolous appeal or to have court appointed counsel for bringing a frivolous appeal. Smith, 528 U.S. at 278.

Finally, in Ellis v. U.S., the Supreme Court held that "[t]he good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit." 356 U.S. 674, 674–75 (1958). "Unless the issues raised are so frivolous that the appeal would be

12

B.     Constitutional Issue

In her Motion for Appointment of Counsel Regarding Limited Issue, Defendant Elsa Alvarez contends that she is entitled to a direct appeal in a criminal case regardless of whether she can point to any non-frivolous grounds for the appeal and regardless of her waiver of appeal. Def. Mot Appt. Limited at 2–3. Defendant argues that the Supreme Court has recognized a right to court appointed counsel for first-tier appellate review in criminal cases regardless of whether there are any viable grounds for appeal based on Halbert v. Michigan, 545 U.S. 605 (2005). Defendant argues that 28 U.S.C. §1915 is unconstitutional to the extent that it prevents her from receiving court appointed counsel merely because a district court certifies that the appeal is frivolous or not taken in good faith.

In Halbert v. Michigan, the Supreme Court did recognize a right to court appointed counsel for first-level appellate review. However, Halbert, relied heavily for its holding on Douglas v. California, 372 U.S. 353 (1963) and did not significantly expand the scope of the right to court appointed counsel on first-tier appeals as it had been established in Douglas. Since Douglas highlighted this right, the Supreme Court has clarified that "although, under Douglas, indigents generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." Smith v. Robbins, 528 U.S. 259, 278 (2000).

In Halbert, the Supreme Court held only that an indigent defendant in the Michigan Courts, convicted on a plea, was entitled to counsel, appointed by the appellate court, for help in preparing his *application* for leave to appeal, not for representation on a frivolous appeal.

9

Halbert, 545 U.S. at 623 (citing Anders v. California, 386 U.S. 738, 744 (1967) ("[I]f counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."")).[1] Even though the indigent defendant in Halbert had waived his right to appeal, he had not waived his right to file an *application* for leave to appeal and was instructed that he had this right. Halbert, 545 U.S. at 617. The Supreme Court held that the appellate court should have appointed counsel to aid the indigent defendant in the preparation and review of his *application* for leave to appeal, even though he had waived the separate right to a full appeal. The review of *applications* for leave to appeal is the first-tier review referred to by the Supreme Court.

In the instant case, even though the Court certifies this appeal is frivolous, or not taken in good faith, the Court of Appeals possesses authority to appoint Defendants with counsel to aid a challenge of this Court's certification. Johnson v. United States, 352 U.S. 565, 566 (1957) (holding that a Court of Appeals must appoint counsel to aid an indigent appellant who challenges a trial court's certification that his appeal is not taken in good faith, pursuant to 28 U.S.C. §1915, unless he insists on representing himself). The appointment of counsel for the purpose of challenging a district court's certification more than satisfies the requirements of

---

[1] In Anders, the Supreme Court discusses the obligation of a defendant's counsel to evaluate whether his client's appeal is frivolous. Under 28 U.S.C. §1915, the district court is required to evaluate whether the appeal is taken in good faith or is frivolous. Regardless of whether a defendant's counsel or the district court determines that an appeal is frivolous, if the appellate court agrees, then no counsel is required to represent the client on the frivolous appeal. Rather, the obligation is upon counsel to withdraw from an appeal that is frivolous. Counsel may even be subject to sanctions for bringing a frivolous appeal. Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee."). *See also* U.S. v. Spitzer, Case No. 06-CV- 00479, 2007 WL 2376783 (11th Cir. 2007) (granting sanctions under Rule 38 when appeal was frivolous); U.S. v. Cooper, 170 F.3d 691 (7th Cir. 1999) (holding Rule 38 applies to frivolous criminal appeals, as well as civil appeals).

Halbert by giving defendants aid of court appointed counsel at a first-tier level of review, allowing an independent determination of whether their appeal is frivolous, and still protects the taxpayer from bearing the burden of paying for frivolous appeals that cannot result in any change of outcome.

Initially, the Assistant United States Attorney ("AUSA") prosecuting this case fiercely challenged the Magistrate Judge's Order allowing Defendants to proceed *in forma pauperis*, arguing that this appeal was frivolous and the public should not bear the cost. After a thorough review of the pleadings and the record, this Court agrees that the appeal is frivolous and that the public should not bear the burden of appeal. Recently, however, the AUSA has made a 180 degree turn and now believes that an appeal would not be frivolous based on the question of whether the exceptions to the appeal waiver apply to the issue on appeal. Gov. Reply (DE # 319) at 2. The AUSA bases his change of heart on one case, Gomez-Diaz v. U.S., 433 F.3d 788 (11th Cir. 2005).[2]

In Gomez-Diaz, the Eleventh Circuit concludes that, for ineffective assistance of counsel determinations in 28 U.S.C. §2255 cases, prejudice is presumed when counsel disregards his client's wishes to file an appeal, regardless of whether the client had shown there existed adequate grounds for an appeal. Gomez-Diaz, 433 F.3d at 793. Under narrow circumstances, when a defendant's attorney "act[s] contrary to his client's wishes" or "fail[s] to fulfill his duty to attempt to determine his client's wishes," prejudice is presumed, and the defendant "is entitled to

---

[2]Defendant, in her motion, relies on very similar §2255 cases which also focus on the issue of ineffective assistance of counsel to support the same proposition. Def. Mot. Appt. Limited at 2–3 (relying on Thompson v. U.S., 481 F.3d 1297 (11th Cir. 2007) and Martin v. U.S., 81 F.3d 1083 (11th Cir. 1996)). The discussion of Gomez-Diaz in this section applies equally to these other cases.

11

dismissed in the case of a nonindigent litigant, . . . the request of an indigent for leave to appeal in forma pauperis must be allowed." Id. Thus, the Supreme Court has recognized that there is a difference between evaluating whether an appeal is frivolous and reviewing the merits of the appeal to determine how likely it is to succeed or fail. This Court's inquiry is not intended to evaluate the likelihood of success or failure of the Defendants' appeals on the merits; rather, the Court, in fulfilling its obligations under 28 U.S.C. §1915, finds that Defendants' appeals are so frivolous that the appeals would be dismissed even if Defendants were nonindigent.

### C. Unsealing the Record of the Hearing on Appointment of Counsel

The Magistrate Judge held a hearing in this case pursuant to Addendum Four to the Eleventh Circuit Rules, Eleventh Circuit Plan under the Criminal Justice Act § (d)(2), which provides that, "the district court is not authorized to appoint counsel on appeal to represent a defendant who was represented in the district court by retained counsel without first conducting an *in camera* review of the financial circumstances of the defendant and of the fee arrangements between the defendant and retained trial counsel." The Magistrate Judge reviewed the fee arrangements Defendants had with their trial counsel, and reported that court appointed counsel is justified in this case.

Upon reviewing the Magistrate Judge's Findings of Fact, the hearing, and in light of this opinion, the Court concludes that no compelling reasons remain for the continued sealing of the Magistrate Judge's Findings of Fact (DE # 304 (Carlos); DE #304 (Elsa)). *See* U.S. v. Ellis, 90

F.3d 447 (11th Cir. 1996) (affirming an order unsealing the transcript of an *in camera* hearing on a motion for leave to appeal *in forma pauperis*).[3]

### III.   Conclusion

Because this Court must certify that a substantive appeal of Defendants' sentences would not be taken in good faith and would be frivolous, 28 U.S.C. §1915(a)(3) prevents this Court from allowing Defendants to proceed *in forma pauperis* with CJA counsel. The fact that this Court certifies that these appeals are not taken in good faith does not prevent Defendants from seeking court appointed counsel in the Eleventh Circuit Court of Appeals for the purpose of challenging this certification. *See* Johnson v. United States, 352 U.S. 565 (1957). Further, the Supreme Court has made it clear that there is no constitutional right to have counsel appointed for the purpose of bringing a frivolous appeal. This is consistent with 28 U.S.C. §1915(a)(3); therefore, this statute is constitutional. Accordingly, it is

ORDERED AND ADJUDGED that the Magistrate Judge's Orders granting leave to appeal in forma pauperis and granting appointment of a public defender are REVERSED. The Court certifies that the Defendants' appeals are not taken in good faith. Further, it is

ORDERED AND ADJUDGED that Defendants' Motion to Allow Withdrawal of Trial Counsel, to Proceed In Forma Pauperis, and for Appointment of a Federal Public Defender is DENIED to the extent that the Defendants request the appointment of a federal public defender.

---

[3] In U.S. v. Ellis, the Eleventh Circuit held that it was not improper for the district court to unseal the transcript of an *in camera* hearing on a motion for leave to appeal *in forma pauperis*, which the court held pursuant to Addendum Four to the Eleventh Circuit Rules, Eleventh Circuit Plan under the Criminal Justice Act § (d)(2), when the information disclosed was not incriminatory or an over broad disclosure of private financial matters. Defense counsel's privacy interest in the fee arrangement with his client was not a compelling reason to maintain the seal or otherwise override the public's right of access to criminal proceedings.

This opinion does not affect the Magistrate Judge's order granting the request to allow withdrawal of trial counsel. Further, it is

ORDERED AND ADJUDGED that Elsa Alvarez's Motion for Appointment of Counsel Regarding Limited Issue (DE # 318) is DENIED. Further, it is

ORDERED AND ADJUDGED that the Magistrate Judge's Findings of Fact (DE # 304 (Elsa); DE # 304 (Carlos)) from the hearing held pursuant to Addendum Four to the Eleventh Circuit Rules, Eleventh Circuit Plan under the Criminal Justice Act § (d)(2) be UNSEALED.

DONE AND ORDERED in Chambers at Miami, Florida, this 31st day of August, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record
U.S. Magistrate Judge Barry L. Garber